UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES LLC<br>d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN RULE INSURANCE COMPANY,<br>ABC COMPANIES 1-100,<br>JOHN DOES 1-100,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:24-cv-01407-JPH-MKK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

Abira Medical Laboratories brought several claims against Golden Rule Insurance Company alleging that Golden Rule did not pay or underpaid for laboratory testing services Abira provided to Golden Rule's insureds. Golden Rule has filed a motion to dismiss. Dkts. [29], [31]. For the reasons below, that motion is **GRANTED in part** and **DENIED in part**.

**I.
Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

1

Abira Medical Laboratories provided a variety of laboratory testing services for patients throughout the United States. Dkt. 1-1 at 6–7, 10. Golden Rule is an insurance carrier that provides health insurance services, including to patients who used Abira's services. *Id.* at 9–10. The requisitions for laboratory testing services submitted on behalf of those patients contained an assignment of benefits to Abira. *Id.* at 10–13. Over an "extended period of time," Golden Rule "repeatedly either failed to respond at all to properly submitted claims or fabricated some other pretextual basis to improperly refuse to make payment" to Abira for Abira's services. *Id.* at 10–12.

Abira brought this case in New Jersey state court alleging breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraudulent and negligent misrepresentation, and quantum meruit/unjust enrichment. Dkt. 1-1. Golden Rule removed the case to federal court, dkt. 1, and—after the case was transferred to this district—filed a motion to dismiss. Dkt. 31.

## II.
## Motion to Dismiss Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588–89. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true,

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Under both 12(b)(1) and 12(b)(6), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616; *see Burwell*, 770 F.3d 586 at 588–89.

### III.
### Analysis

#### A. Standing

Golden Rule argues that Abira has failed to establish that it has standing to pursue any of its claims in this action because it has not provided any details about the assignments of benefits it relies on or attached them to the complaint.  Dkt. 29-1 at 18.  Abira responds that assignments were in the requisitions for services, so it has "standing to assert whatever claims the assignor possessed."  Dkt. 34 at 19–20.

The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016).  However, neither party identifies these elements or analyzes whether Abira has satisfied them.  *See* dkt. 29-1 at 18; dkt. 34 at 18.

Here, Abira alleges that it was deprived of thousands of dollars when Golden Rule did not process and pay claims based on laboratory testing services Abira performed for Golden Rule's insureds.  *See* dkt. 1-1.  Abira has therefore alleged an injury in fact that is fairly traceable to Golden Rule's challenged conduct and could be redressed by a damages award.  That is enough for standing.  *See G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) (plaintiffs alleging economic harm from defendant insurance company's failure to pay was "sufficient to meet this minimal standard" of standing).  To the extent that Golden Rule contends that the assignments are not valid and enforceable, *see* dkt. 29-1 at 19–21, that argument goes to the merits of Abira's claims and does not implicate standing. *See GEFT Outdoor, LLC v. City of Evansville*, 110 F.4th 935, 938 (7th Cir. 2024) (explaining that a legal gap in plaintiff's claim for relief "could not be a reason why [the plaintiff] lacks standing; it would instead be a decision . . . on the merits").

## B. ERISA Preemption

The Employee Retirement Income Security Act ("ERISA") authorizes claims by an ERISA-plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This provision is "so broad as to entirely replace any state-law claim," so it completely preempts state causes of action that fall within ERISA's scope. *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 597 (7th Cir. 2008) (applying *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Here, Golden Rule argues that Abira's claims are preempted to the extent that any of the insurance plans are subject to ERISA. Dkt. 29-1 at 21. Abira responds that its state law claims do not relate to an ERISA plan, and that it does not allege that all of its claims "require examination of an ERISA plan." Dkt. 34 at 24–25.

If ERISA preemption applies, Abira's claims would not be dismissed but would be "recharacterize[ed] . . . as ones arising under ERISA." *See Franciscan Skemp Healthcare*, 538 F.3d at 596. But Golden Rule admits that the complaint does "[not] provide[ ] sufficient information for Golden Rule" to determine if ERISA preemption applies. Dkt. 29-1 at 23. And even if Abira's claims were recharacterized under ERISA, Golden Rule does not argue that

5

they would fail to state an ERISA claim. *See id.*[1] Therefore, even if any of Abira's claims are preempted by ERISA, Golden Rule's motion to dismiss based on ERISA preemption is **denied**.

### C. State law claims

#### 1. Choice of law

A federal district court sitting in diversity generally applies the substantive law of the state in which it sits. *Med. Protective Co. of Fort Wayne, Indiana v. Am. Int'l Specialty Lines Ins. Co.*, 911 F.3d 438, 445 (7th Cir. 2018). This includes choice-of-law rules. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 300 (7th Cir. 2018).

Here, Golden Rule argues that Indiana law applies to each of Abira's claims. Dkt. 29-1 at 14–17. Abira contends that discovery is necessary to determine what state law applies to the contract claims, but agrees that Indiana law governs its tort claims, and for the purposes of this motion applies Indiana law to the contract claims. *Id.* at 11–13. The Court therefore applies Indiana law to Abira's state-law claims. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 560 n.13 (7th Cir. 2000).

---

[1] Golden Rule cites to two New Jersey state court opinions and a District Court of Nebraska order to support the proposition that other courts have "recently dismissed complaints filed by Plaintiff because its claims were expressly preempted by Section 514 of ERISA." Dkt. 29-1 at 22–23. However, the New Jersey opinions do not appear to be available on Westlaw or Lexis, and Golden Rule did not attach copies to its motion. *See* Local Rule 7-1(f). And in *Abira Medical Laboratories, LLC v. Mutual of Omaha Insurance Co.*, the Court denied Abira's motion to amend its complaint on an unjust enrichment claim because a quasi-contract claim was duplicative of the breach-of-contract claim, not because of ERISA preemption. 2024 WL 4056573, at *21 (D. Neb. Sept. 5, 2024).

### 2. Breach of Contract

Under Indiana law, "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Golden Rule argues that Abira has not identified a contract or any specific provision of a contract that Golden Rule breached. Dkt. 29-1 at 25. Abira responds that it has sufficiently pleaded its breach of contract claim. Dkt. 34 at 26.

In its complaint, Abira alleges that it was assigned the "right to payment under a plan and [the] right to sue for that payment" by Golden Rule's insureds. Dkt. 1-1 at 12–13. Abira further alleges that "[p]ursuant to the Contract, Plaintiff was . . . entitled to have its claims for services rendered to [Golden Rule's insureds] processed and paid promptly" by Golden Rule, but that Golden Rule "fail[ed] to respond at all to properly submitted claims or . . . regularly refus[ed] to pay and/or underpa[id] claims," costing Abira thousands of dollars. *Id.* at 13.

Abira has therefore pleaded contractual rights under a health insurance plan that were assigned to Abira and breached by Golden Rule. That is enough to plausibly state a breach of contract claim under Indiana law. *See Bible v. United Stud. Aid Funds*, 799 F.3d 633, 639, 645–51 (7th Cir. 2015); *McMillan v. Collection Pros. Inc.*, 455 F.3d 754, 765 (7th Cir. 2006). To the extent Golden Rule argues that Abira had to plead more detail, that is not the standard once Abira has pleaded a plausible claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d

7

846, 848 (7th Cir. 2017) ("It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.").[2]

Golden Rule's motion to dismiss Count 1 is **denied**.

### 3. Breach of Implied Covenant of Good Faith and Fair Dealing

"A party violates the implied duty of good faith and fair dealing when, though not breaching the *express* terms of the contract, [it] nonetheless behaves unreasonably or unfairly." *Perron ex rel. Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 856 (7th Cir. 2017) (citing *Old Nat'l Bank v. Kelly*, 31 N.E. 3d 522, 531 (Ind. Ct. App. 2015)). "Indiana law has long recognized a legal duty, implied in all insurance contracts, for the insurer to deal in good faith with its insured." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002). Such a claim requires that a plaintiff prove bad faith, "or that the insurer had knowledge that there was no legitimate basis for denying liability." *Id.* Golden Rule argues that Abira cannot state a claim because Indiana law does not extend the implied duty of good faith and fair dealing to third parties. Dkt. 29-1 at 26. Abira responds that claims against insurers can be assigned to third parties. Dkt. 34 at 28.

---

[2] While Abira did not attach the applicable plans or assignments, it alleged that they required Golden Rule to pay, and Golden Rule did not attach the plans or assignments either. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (explaining that defendants may attach contracts underlying the claims to a motion to dismiss "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents").

8

Golden Rule cites a 1999 district court case, *Neurological Resources, P.C. v. Anthem Insurance Companies*, which held that Indiana law did not allow third parties to bring bad faith claims against insurance companies. 61 F. Supp. 2d 840, 846–47 (S.D. Ind. 1999) (applying *Dimitroff v. State Farm. Mut. Auto. Ins. Co.*, 647 N.E.2d 339 (Ind. Ct. App. 1995)). *Neurological Resources*, however, did not involve an assignment—in fact, many of the policies at issue had anti-assignment clauses—but a non-insured's attempt to bring a bad-faith claim. *Id.*[3] Moreover, Indiana courts have recognized that assignees as well as insureds may be able to pursue bad faith claims against insurers at least in some contexts. *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1028 (Ind. 2007) (disallowing forced assignment, but noting that insured could sue insurer directly or voluntarily assign the right to sue); *Economy Fire & Cas. Co. v. Collins*, 643 N.E.2d 382 (Ind. Ct. App. 1994).

Golden Rule has therefore not shown that Abira's claim for breach of the implied duty of good faith and fair dealing is foreclosed as a matter of law. And Abira has pleaded in its complaint that Golden Rule failed to respond to properly submitted claims, regularly refused to pay or underpaid properly submitted claims, and relied on pretextual and "entirely groundless" reasons for doing so. Dkt. 1-1 at 7, 14. That is enough to plausibly state a claim at

---

[3] Similarly, the *Bowers v. Anthem, Inc.* decision that Golden Rule cites addresses whether the implied duty extended to an insurance company's employees, not whether an insured's assignee could bring a claim. 2019 WL 5965235, at *4 (S.D. Ind. Nov. 13, 2019).

9

this pleading stage. *See McMillan*, 455 F.3d at 765. Consequently, Golden Rule's motion to dismiss Count 2 is **denied**.

### 4. Promissory Estoppel[4]

Promissory estoppel "permits recovery where no contract between the parties exists." *Bassett v. Scott Pet Prods., Inc.*, 194 N.E. 3d 1185, 1195 (Ind. Ct. App. 2022). The elements of a promissory estoppel claim are "(1) a promise by the promisor (2) made with the expectation that the promisee will rely thereon (3) which induces reasonable reliance by the promisee (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise." *AgReliant Genetics, LLC v. Gary Hamstra Farms, Inc.*, 213 N.E.3d 1087, 1094 (Ind. Ct. App. 2023) (quoting *Biddle v. BAA Indianapolis, LLC*, 860 N.E. 2d 570, 581 (Ind. 2007)). Here, Golden Rule argues that Abira has not alleged a promise made by Golden Rule, so its claim for promissory estoppel must be dismissed. Dkt. 29-1 at 28–30. Abira responds that Golden Rule's course of conduct constituted a representation. Dkt. 34 at 16, 29–30.

"For purposes of promissory estoppel, a promise is a 'voluntary commitment or undertaking by the party making it (the promisor) addressed to another party (the promisee) that the promisor will perform some action or refrain from some action in the future.'" *AgReliant*, 213 N.E.3d at 1094. This includes a party's conduct as well as a spoken promise or guarantee, if it "induced action or forbearance." *Id.* at 1094–95; *Bassett*, 194 N.E. 3d at 1196.

---

[4] Abira concedes that equitable estoppel is not a cause of action under Indiana law and proceeds only with a promissory estoppel claim. Dkt. 34 at 28.

10

Here, Abira has not alleged conduct of Golden Rule that could be construed as a promise. Nor has Abira explained how any of Golden Rule's conduct would have been reasonably expected to "induce action or forbearance" on the part of Abira by its conduct, or how such action or forbearance was actually induced. *See Bassett*, 194 N.E.3d at 1197; *Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 703–05 (7th Cir. 2004). Instead, Abira contends that Golden Rule induced Abira to act by its "years-long course of conduct of refusing to pay a myriad of [claims]." Dkt. 34 at 29. Abira does not explain how a long-running course of conduct of *not* paying claims could be reasonably expected to induce Abira to continue to provide services and expect payment. *See Bassett*, 194 N.E.3d at 1197.

In sum, Abira has not identified conduct of Golden Rule that could be construed as a promise or inducement, so its promissory estoppel claim is **dismissed**. *See Bilek*, 8 F.4th at 586; *McCauley*, 671 F.3d at 616 (noting "the complaint must contain allegations plausibly suggesting . . . an entitlement to relief" and "conclusory allegations merely reciting the elements of the claim" are insufficient).

### 5. Fraudulent and Negligent Misrepresentation

In Count 3 of the complaint, Abira also brings claims for both fraudulent and negligent misrepresentation.

#### i. Negligent misrepresentation

The Indiana Supreme Court has described the tort of negligent misrepresentation as occurring when:

11

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742 (Ind. 2010); *see also Passmore v. Multi-Management Servs., Inc.*, 810 N.E.2d 1022, 1026 n.2 (Ind. 2004).

Golden Rule argues that while a claim of negligent misrepresentation may exist under Indiana law, it is recognized only in "the context of an employer-employee relationship" or limited circumstances when one party is in a professional advisory capacity to the other. Dkt. 39 at 14; *see* dkt. 29-1 at 31. Abira responds that it relied on Golden Rule's representation to insureds that it would be compensated and that Golden Rule never said that it would not pay. Dkt. 34 at 30–31.

The tort of negligent misrepresentation is a developing area of Indiana law. *See Peters Broad. Eng'g v. PEM Consulting Grp., LLC*, 2025 WL 901551, at *11 (N.D. Ind. Mar. 24, 2025) (discussing the development and potential expansion of the tort of negligent misrepresentation in Indiana law). "[T]he class of individuals for whom Indiana intends this cause of action to apply involve individuals who engage in advisory roles or provide opinion-based advice." *Id.* at *12. Accordingly, the Indiana Supreme Court has recognized that a claim for negligent misrepresentation is available when the relationship between the parties is "of an advisory nature," and when the defendant has

12

"superior knowledge and expertise" and "was in the business of supplying" that knowledge. *U.S. Bank,* 929 N.E.2d at 750 (recognizing negligent misrepresentation in the context of title insurance); *see also Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 156–58 (Ind. Ct. App. 2011) (recognizing negligent misrepresentation in the context of hospital staff).

Here, Abira does not allege that Golden Rule acted in an advisory capacity or that Golden Rule had superior knowledge or was in the business of supplying information to Abira. Instead, Abira alleged in its complaint that its relationship with Golden Rule consisted of Abira submitting claims to Golden Rule, which Golden Rule at times refused to pay in full despite making representations that it would do so. *See* dkt. 1-1 at 10–12, 15–17; *see* dkt. 34 at 30–31. This is not the type of relationship that could support a negligent misrepresentation claim under Indiana law. *See U.S. Bank,* 929 N.E.2d at 750. This claim, therefore, must be **dismissed**.

### ii. Fraudulent misrepresentation

Under Indiana law, the elements of a fraud claim are generally "(1) the defendant made a representation of past or existing fact; (2) the representation was false; (3) the defendant made the representation with knowledge of or reckless disregard for the falsity; (4) the plaintiff reasonably relied on the misrepresentation; and (5) the plaintiff was harmed by the reliance." *See Zitzka v. Brogdon*, 222 N.E.3d 1025, 1028 (Ind. Ct. App. 2023). Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under that standard, a party

13

"ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (explaining Fed. R. Civ. P. 9(b)'s standard); *see also Kapoor v. Dybwad*, 49 N.E.3d 108, 132 (Ind. Ct. App. 2015).   Here, Golden Rule argues that Abira has not pleaded its claim of fraudulent misrepresentation with particularity.  Dkt. 29-1 at 31–33.  Abira responds that the elements of fraud are met, but it does not address the heightened pleading standard.  Dkt. 34 at 30–31.

Abira generally alleges that Golden Rule made a "representation that it would continue to pay for" Abira's testing services.  Dkt. 1-1 at 16.  A promise to make future payments, however, does not qualify as a representation related to a "past or existing fact."  *Zitzka*, 222 N.E.3d at 1028; *see Wisconics Eng'g, Inc. v. Fisher*, 466 N.E.2d 745, 756 (Ind. Ct. App. 1984) ("Fraud may not be predicated upon promises to be performed in the future or future events."). Moreover, Abira does not contend that Golden Rule made any such representation while knowing it was false or having "reckless disregard" for its falsity.  This type of generalized allegation without any further detail does not meet Rule 9(b)'s particularity requirement.  *See United States ex rel. Sibley v. Univ. of Chi. Med. Ctr.*, 44 F.4th 646, 656 (7th Cir. 2022); *Heffernan v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006).  Abira's claim for fraudulent misrepresentation must therefore be **dismissed**.

### 6. Quantum Meruit and Unjust Enrichment

Indiana law "often uses the terms 'quantum meruit' and 'unjust

enrichment' interchangeably." *Lash v. Kreigh*, 202 N.E.3d 1098, 1102 (Ind. Ct. App. 2023); *see Reed v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012) ("Also referred to as quantum meruit or quasi-contract, unjust enrichment requires a party who has been unjustly enriched at another's expense to make restitution to the aggrieved party."). Whether described as quantum meruit or unjust enrichment, the elements are the same. *Est. of Sain v. Sain*, 2025 WL 808309, at *3 (Ind. Ct. App. Mar. 14, 2025); *Woodruff v. Ind. Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). To recover, "a plaintiff must show that (1) he rendered a benefit to the defendant at the defendant's express or implied request, (2) the plaintiff expected payment from the defendant, and (3) allowing the defendant to retain the benefit without restitution would be unjust." *Sain*, 2025 WL 808309, at *3 (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). Here, Golden Rule argues that Abira has failed to state a claim because Ariba has not identified a benefit it conferred on Golden Rule at Golden Rule's request.

Abira has not pleaded any facts suggesting that Golden Rule made an "express or implied request" that Abira perform testing services, stating only that it performed tests on "specimens [that were] submitted by medical service providers, on behalf of [Golden Rule's] subscribers/members." Dkt. 1-1 at 10; *Sain*, 2025 WL 808309, at *3. There is no allegation supporting an inference that Golden Rule—rather than its subscribers or members or their medical providers—was involved in soliciting these requests. Abira therefore has not

15

plausibly pleaded a claim for quantum meruit or unjust enrichment, and this count must be **dismissed**.[5]  *See McCauley*, 671 F.3d at 616.

## IV.
## Conclusion

Defendants' motion to dismiss is **GRANTED** as to the fraudulent and negligent misrepresentation, equitable and promissory estoppel, and quantum meruit and unjust enrichment claims, and **DENIED** as to the breach of contract and breach of implied covenant of good faith and fair dealing claims. Dkt. [29], [31].

**SO ORDERED.**

Date: 9/4/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[5] Golden Rule contends that any of Abira's claims for promissory estoppel, quantum meruit/unjust enrichment, and fraudulent misrepresentation that arose prior to May 28, 2018 are time-barred. Dkt. 29-1 at 36. Since the Court has dismissed these claims for failure to state a claim, it does not need to determine whether they would be time-barred.